```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **CASSANDRA LAFARGUE** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 19-11111** |
| **COMPREHENSIVE HEALTH MANAGEMENT, INC.** | **SECTION: "B"(5)** |

## OPINION

Before the Court are: (1) plaintiff Cassandra Lafargue's motion to remand (Rec. Doc. 42); (2) defendant Comprehensive Health Management, Inc.'s ("CHMI") response in opposition (Rec. Doc. 45); (3) defendant CHMI's motion to dismiss[1] (Rec. Doc. 44); (4) plaintiff's response in opposition (Rec. Doc. 46); (5) defendant's reply memorandum in support of its motion to dismiss (Rec. Doc. 51); (6) plaintiff's stipulation to not seek damages exceeding $75,000 (Rec. Doc. 54); defendant's supplemental memorandum in response to plaintiff's stipulation (Rec. Doc. 56); and plaintiff's supplemental memorandum in support of remand (Rec. Doc. 57).

**I.   FACTS AND PROCEDURAL HISTORY**

Plaintiff Cassandra Lafargue, a sixty-two (62) year old former employee of defendant CHMI, is domiciled in Jefferson Parish in the state of Louisiana. Rec. Doc. 1-1 at 1. Defendant CHMI is

---

[1] Pursuant to this Court's Order (Rec. Doc. 47) both pending motions (Rec. Docs. 42 & 44) shall be construed as applicable to plaintiff's second supplemental and amended complaint (Rec. Doc. 48). *See* Rec. Doc. 47.

1

a foreign corporation authorized to do business in Louisiana, incorporated in Florida, with its principal place of business in Tampa, Florida. Rec. Doc. 1 at 6.

On April 20, 2018, plaintiff was, terminated from her employment with CHMI. Rec. Doc. 48 at ¶ IV. Plaintiff alleges that prior to her termination, she was "subjected to a pattern of age discrimination and harassment from her immediate supervisor, Demetria Smith." *Id*. Plaintiff states that "everyone who was working in the Metairie Office were . . . in their twenties, thirties, or forties." *Id*.

On April 11, 2019, plaintiff Cassandra Lafargue filed a petition for damages against WellCare Healthcare Plans, Inc., in the 24th Judicial District Court for the Parish of Jefferson. Rec. Doc. 1 at 2. Plaintiff's state court petition alleges age discrimination, harassment, and retaliatory termination under the Louisiana Employment Discrimination Law ("LEDL"), Louisiana Revised Statute 23:301 *et seq*., and intentional infliction of emotional distress. Rec. Doc. 1-1 at 2.

On May 10, 2019, plaintiff attempted service on "WellCare Healthcare Plans, Inc." through defendant CHMI's registered agent; however, service was unsuccessful because "Wellcare Health**care** Plans, Inc." is not an existing legal entity. *Id*. (emphasis added). The intended defendant to be served was Defendant WellCare Health

Plans, Inc."[2] Rec. Doc. 1 at ¶ 2. However, WellCare Health Plans, Inc., was still the incorrect defendant to be served, as plaintiff was an employee of CHMI. CHMI nonetheless filed for removal in "an abundance of caution" on June 10, 2019, within the 30-day window for removal, despite the improper service. *Id*.

On July 30, 2019, defendant filed a motion to dismiss for failure to state a claim. Rec. Doc. 13. On August 20, 2018, plaintiff filed a motion for leave to file their first supplemental and amending complaint, which was subsequently granted, and the supplemental complaint was filed on September 12, 2019. Rec. Docs. 20, 37. In plaintiff's first supplemental complaint, plaintiff newly claimed that on November 6, 2018:

> [Plaintiff] sent a required written notice of claim of discrimination to defendant/employer WellCare's corporate office notifying the defendant/employers of the Plaintiff's potential discrimination lawsuit pursuant to Louisiana Civil Code article (sic) 23:301 et seq. and providing those defendants the requisite 30 day notice of Discrimination Claim to be present, and allowing defendants 30 days to remediate and mitigate said claims prior to Plaintiff filing her lawsuit.[3]

*See* Rec. Doc. 37 at ¶ V.

On September 23, 2019, plaintiff filed a motion for leave to file her second supplemental and amending complaint to "properly

---

[2] WellCare Health Plans, Inc., is a Delaware Corporation with its principal place of business at 8725 Henderson Road, Tampa, Florida 33643. Rec. Doc. 13-2 at 1. "WellCare Health Plans, Inc. is an affiliated entity with CHMI, but it does not have any employees. *Id*.
[3] Plaintiff includes this additional claim in her Second Supplemental and Amended Complaint. *See* Rec. Doc. 48 at ¶ V.

identify and (sic) the named defendant employer herein." Rec. Doc. 40 at 1. That motion was granted on October 29, 2019. Rec. Doc. 47. Defendant's motion to dismiss for failure to state a claim (Rec. Doc. 13) was dismissed as moot.

After hearing with oral argument on plaintiff's motion to remand, the Court denied that motion, and noted the ruling was subject to reconsideration pending plaintiff filing a supplemental memorandum stipulating that she would not seek more than 75,000 in damages in state court or enforce a judgment in excess of that amount. Rec. Doc. 55. Plaintiff filed her stipulation, supplemental memorandum, and supporting affidavit, to which defendant filed a timely response. Rec. Docs. 54, 56, and 57.

**II. LAW AND ANALYSIS**

    a. <u>**Motion to Remand**</u>

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Cohen v. Safeco Ins. Co.*, No. 08-707, 2008 WL 1730537, at *1 (E.D. La. Apr.9, 2008). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing

party bears the burden of showing that federal jurisdiction exists and therefore that removal was proper. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998).

A case with diverse parties may be removed "unless it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *ANPAC*, 988 F.2d at 564 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *see also Marcel v. Pool Co.,* 5 F.3d 81, 84 (5th Cir. 1993). "To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed *at the time of removal*." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)(emphasis added). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*.

### i. Amount in Controversy

Louisiana law does not permit plaintiffs to plead a specific amount of monetary damages.[4] *See* LA. CODE CIV PROC. art. 893(A)(1).3. A party will receive any relief to which he is entitled, even if the party has not demanded it in his pleadings. LA. CODE CIV PROC. art. 862.4. Because there is concern that a litigant could plead

---

[4] Louisiana Code of Civil Procedure Article 893 A.(1) states in pertinent part: "*No specific monetary amount of damages shall be included in the allegations or prayer for relief* of any original, amended, or incidental demand." LA. CODE CIV PROC. art. 893(A)(1) (emphasis added).

less than the jurisdictional amount required for federal jurisdiction to avoid removal, yet subsequently prove and be awarded damages greater than the jurisdictional amount in state court, this Court must look to the "jurisdictional facts that support removal ... *at the time of removal.*" *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)(emphasis added).

In Louisiana, defendants removing on diversity grounds must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.*; 28 U.S.C. § 1332, 1441; LA. CODE CIV PROC. Art. 893. A defendant may satisfy this burden in one of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000, or (2) by setting forth the facts in the controversy, preferably in the removal petition, sometimes by affidavit, that support a finding of the requisite amount. *Allen*, 63 F.3d at 1335. The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

If it is not "facially apparent" from the complaint that the claim(s) exceed $75,000, the Court "may rely on 'summary-judgment-type' evidence to ascertain the amount in controversy at the time

of removal. *Allen*, 63 F.3d at 1336. However, "the jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998)(footnotes omitted).

If the amount in controversy is *ambiguous* at the time of removal, the Court may consider a post-removal stipulation or affidavit to determine the amount in controversy at the date of removal. *See Gebbia*, 233 F.3d at 883; *see generally ANPAC* 988 F.2d 559 (holding that when an affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper). However, when the amount in controversy is *clear* from the face of the petition, post-removal stipulations and affidavits purporting to reduce the amount of damages a plaintiff seeks cannot deprive a court of diversity jurisdiction. *Id*. In *ANPAC*, the Fifth Circuit identified circumstances in which the removing party fails to satisfy its burden of showing that removal is appropriate:

> (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [the jurisdictional amount]; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.

*ANPAC*, 988 F.2d at 566; *See also Marcel*, 5 F.3d at 84.

Here, it is not facially apparent from the petition that the amount in controversy is in excess of $75,000. Defendant's summary judgment-type evidence does not sufficiently resolve material factual disputes and confusion relative to claim valuation. Plaintiff cites us to pre-litigation discussions in that regards along with a *Gebbia* appropriate post-removal stipulation in an effort to clarify valuation issues. With an ambiguous record and strict interpretation of remand issues, doubts to whatever degree about the amount in controversy must be resolved in favor of remand. *De Aguilar v. Boeing Co.*, 47 F.3d at 1412.

### b. Motion to Dismiss

Alternatively, and only if further review changes the remand ruling, we make the following findings about the motion to dismiss. However, the findings below are null and void and should not be considered binding on subsequent state courts if remand withstands further reconsideration.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzalez*, 773 F.3d 704, 707 (5th Cir. 2014)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

When deciding whether a plaintiff has met his or her burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiff must "nudge[] [his or her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### a. Louisiana Employment Discrimination Law

Article 23:303(C) provides a notice requirement for plaintiffs wishing to bring suit under the Louisiana Employment Discrimination Law. Article 23:303(C) provides in pertinent part:

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall [1] give the person who has allegedly discriminated

9

>written notice of this fact [2] at least thirty days before initiating court action, [3] shall detail the alleged discrimination, and [4] both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

Although the statute provides "no express penalty" for failure to abide by the notice requirement, "courts have routinely held that . . . failure to provide timely notice of intent to sue warrants dismissal of an LEDL claim . . ." *Stubberfield v. Offshore*, No. CV 15-2339, 2016 WL 2855480, at *2 (E.D. La. May 16, 2016)(citing *Simpson-Williams v. Andignac*, 2004-1539 (La. App. 4 Cir. 4/20/05); 902 So. 2d 385, 387; *Shore v. Modern American Recycling Services, Inc.*, 13-823, 2014 WL 68804, at *5 (E.D. La. Jan. 8, 2014)); *see also Plaisance v. Airgas-Gulf States, Inc.*, No. CIV.A. 07-8440, 2008 WL 1730535, at *4 (E.D. La. Apr. 10, 2008).

The purpose of the notice requirement is "to allow the parties an opportunity for good faith negotiation before filing suit." *Marinkovic v. S. La. Med. Assocs.*, No. 12-6, 2012 WL 4359364, at *3 (E.D. La. Sept. 21, 2012) (citing *Johnson v. Hosp. Corp. of Am.*, 767 F. Supp. 2d 678, 704 (W.D. La. Feb. 11, 2011)). There is only one limited exception to the notice requirement in Article 23:303, which is filing a charge with the Equal Employment Opportunity Commission ("EEOC"). *See Miguel v. GEICO Ins. Co.*, 2016-0596, p. 4 (La. App. 4 Cir. 12/21/16); 207 So. 3d 507, 510; *see also Johnson v. Hosp. Corp. of Am.*, 767 F. Supp. 2d 678, 704 (W.D. La. 2011)(Holding that federal district courts in Louisiana

10

have consistently dismissed claims for failure to abide by the notice provision, with the exception of plaintiff's filing EEOC charges.)[5] Further, the notification requirement in Article 23:303(C) is subject to a prescriptive period of one year from the date of the notice of termination. *Ringo v. Winn-Dixie Louisiana, Inc.*, No. 03-2968, 2004 WL 737481, at *2 (E.D. La. Apr. 5, 2004) (citing *Eastin v. Energy Corp.*, 2003-1030, p. 4 (La. 2/6/04); 865 So. 2d 49, 53).

Defendant argues that the notification requirements of Article 23:303(C) have not been met by plaintiff. First, defendant contends that the letter was never delivered and that CHMI has no record of receiving such a letter. *See* Rec. Doc. 44-1 at 7-8. Second, defendant contends that even if this court finds that the letter was sent, that plaintiff's "purported 'efforts' to comply were not undertaken in a good-faith attempt at pre-suit resolution." *Id.* at 7.

Accepting all well-plead factual allegations in the second supplemental complaint as true, this Court finds that plaintiff has sufficiently alleged that a letter was sent, albeit to a misnamed defendant. Rec. Doc. 48 at ¶ V. Therefore, there has been at least compliance with the base requirement of Article 23:303(C) of the LEDL.

---

[5] Here, no such EEOC charge was filed by plaintiff, thus the EEOC charge exception to the notice requirement is not applicable.

Defendant next argues that the failure of plaintiff to: (1) correctly name the defendant; (2) designate a department or a manager; and (3) designate the manner which the notice was sent, are all indicative that "[plaintiff]'s purported efforts to comply [with the notice requirements] were not undertaken in a good-faith attempt at pre-suit resolution." Rec. Doc. 44-1 at 7. This Court notes that there is a lack of caselaw to determine the soundness of these arguments. However, the plain text Article 23:303(C) only requires a plaintiff, who believes they have suffered employment discrimination, to "give the person who has allegedly discriminated written notice of this fact at least 30 days before initiating court action." LA. REV. STAT. § 23:303(C). Here, plaintiff alleges in the complaint (Rec. Doc. 48) that they provided this notice to plaintiff and made good faith efforts to resolve the dispute amicably before instating suit against CHMI, even though they misnamed the defendant. Rec. Doc. 48 at ¶ V.

Defendant cites *Kern v. Ingevity Corporation*, in support of their contention that plaintiff has not acted in good faith to amicably resolve the claims prior to court action, and that her claims should be dismissed. *Kern v. Ingevity Corp.*, No. 15-2694, 2017 WL 4679460, (W.D. La. Oct. 16, 2017). In *Kern*, the plaintiff filed a complaint with the EEOC alleging retaliation and discrimination based on age and disability. *Id*. at *1. His case was recommended for closure when he failed to timely provide his

signature on the applicable EEOC forms. *Id*. The court held that plaintiff's "lack of cooperation in the administrative process should render his claim unexhausted." *Id*. at *4. Here, plaintiff has not filed an EEOC claim, and the failure to name the correct defendant on the notice likely does not rise to the level of a failure to provide a required component of an EEOC claim. Therefore, defendant's citation to *Kern* is inapposite.

Defendant further contends that plaintiff's claims have prescribed, as the prescriptive period begins to run from the date of the notice of termination to the affected employee. *Ringo*, No. 03-2968, 2004 WL 737481, at *2. Defendant alleges that because "[plaintiff] failed to satisfy the pre-suit notice requirement . . . [plaintiff's] prescriptive period expired in April 2019 (one year from her termination) . . ." Rec. Doc. 44-1 at 7. As explained above, plaintiff did not fail to adhere to the notice requirements in Article 23:303(C). Plaintiff attempted to serve the defendant with notice of her pending suit, albeit while naming the incorrect defendant. Thus, plaintiff's claims have yet to prescribe.

Finally, defendant states that plaintiff's claims should be "narrowed" to encompass only the claim stated in the notice to defendants. Rec. Doc. 44-1 at 9. Plaintiff's letter reads in pertinent part, "[Plaintiff] was terminated from her position despite her work (sic) excellent work performance due to her age." Rec. Doc. 46-1 (LEDL Notice Letter). A reading of this letter seems

13

to imply that the only claims plaintiff contemplated bringing against defendant CHMI were claims for age discrimination. *Id*.

In *Pickett v. Hospital Service District for West Feliciana Parish*, the Middle District of Louisiana dismissed a plaintiff's retaliation and harassment claims because "Plaintiff's EEOC charge only contained a claim of discrimination and not harassment or retaliation . . ." *Pickett v. Hospital Service District for West Feliciana Par.*, No. CV 16-219-SDD-EWD, 2017 WL 1097195, at *7 (M.D. La. Mar. 22, 2017). The court held, "with the absence of information that plaintiff provided notice of her retaliation and harassment claims before filing this suit, the Court finds that Plaintiff has failed to satisfy the requirements of La. R.S. 23:303(C). Plaintiff's Louisiana State law harassment and retaliation claims are procedurally time barred and dismissed without prejudice." *Id*. Here, plaintiff only listed her age discrimination claim in the letter sent to CHMI, and therefore has only made a good faith effort to resolve her age discrimination claim before filing the instant suit. *See* Rec. Doc. 46-1 (LEDL Notice Letter). Accordingly, plaintiff's claim should be narrowed to discriminatory termination based on age.[6]

---

[6] Plaintiff cites *Gupta v. East Texas State University*, 654 F.2d 411 (5th Cir. 1981) in an attempt to support her contention that plaintiff's claims should not be limited to what was listed in her notification letter to defendant CHMI. Rec. Doc. 46 at 5-6. However, this case is not relevant, as the facts in *Gupta* materially differ from the facts in the pending case. In *Gupta*, the Fifth Circuit held, "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows

### III. Conclusion

**IT IS ORDERED** that plaintiff's motion to remand (Rec. Doc. 42), as reconsidered here, is **GRANTED**; and alternatively, as provided above,

**IT IS FURTHER ORDERED** that defendant's motion to dismiss (Rec. Doc. 44) is **GRANTED IN PART** with respect to narrowing plaintiff's claims to discriminatory termination based on age, and **DENIED IN PART** with respect to dismissal of plaintiff's state law discrimination claims under the Louisiana Employment Discrimination Law ("LEDL").

New Orleans, Louisiana this 6th day of July, 2020

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

out of an administrative charge that is properly before the court." *Gupta v. E. Texas State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981). *Gupta* notes that "[i]t is the nature of retaliation claims that they arise after the filing of the EEOC charge." *Gupta*, 654 F.2d at 414. Here, plaintiff's retaliation claim does not stem from a properly filed charge of discrimination to the EEOC. *See* Rec. Doc. 48.

Plaintiff's claims in this case all arise at the same time, out of one event, her termination. *See* Rec. Doc. 48. The claims of retaliation did not arise because plaintiff had filed a discrimination charge. Therefore, those claims should have been included in her LEDL notice letter to CHMI in a good faith attempt to amicably resolve the claims prior to court action as required by Article 23:303(C). *See Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 273 (5th Cir. 2013)(citing *Gupta*, 654 F.2d at 414) ("[T]his court has not applied the *Gupta* exception to claims in which both retaliation and discrimination are alleged.").